CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**,<br><br>    Plaintiff,<br><br>    v.<br><br>**Nick Cafarchia**;<br>**Gemma Cafarchia**;<br>**Cafarchia Corporation**, a California Corporation; and Does 1-10,<br><br>    Defendants. | **Case No** 2:20-cv-01345-JFW-GJS<br><br>**Plaintiff's Qualified Opposition to the Application for Stay** |

The defense has filed the Central District's form application to stay the case for 90-days in order to schedule an early mediation. Part of that process requires the plaintiff to file and serve an itemized list of *specific* conditions on the subject premises that are the basis of the claimed violations of the ADA. While the plaintiff is in favor of trying to settle the case early and expeditiously, plaintiff's counsel has significant experience with the Central District's approach and there is one issue that create problems. It has to do with the *scope* of the lawsuit and the *scope* of the settlement.

Unlike the Northern District's General Order 56, which requires the parties to meet at the site (with experts if desired) to discuss resolution, the Central District's ADR-21 approach does not provide for an expert-led site inspection. This means that when the plaintiff provides the list of "specific conditions on the subject property" that violate the ADA, he can necessarily *only* identify what he witnessed or encountered and not any sort of comprehensive list of ADA violations that should be resolved. This often leads to frustration in settlement discussions. As alleged in the complaint, the plaintiff wants *all ADA violations*—related to his disability—remedied. And plaintiff has a right to this remedy:

> An ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability . . . including those identified in his expert's site inspections.

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008). And the plaintiff has specifically pled such in his complaint. *See* Docket Entry 1 (Complaint), ¶ 20. And in plaintiff's counsel's experience, there are *always* a number of violations that will be identified by an expert at a business that has failed to comply with the obvious obligations that led to the lawsuit being filed in the first instance.

There are two possible resolutions to the frustration that sometimes arises during these early mediation sessions:

1. The court could permit an expert site inspection *prior* to appearance at the mediation. While this would be effective, it would also lead to significant additional costs that can impede settlement;

2. The court could permit an expert site inspection *after appearance at the mediation* if the parties could not settle because a defendant is unwilling to agree to have the property inspected by a Certified Access Specialist and fix all barriers identified by the CASp as a settlement term.

In any event, plaintiff will demand—and attend the mediation with a demand—that all ADA barriers related to his disability (wheelchair user, mobility impaired) on the property be identified by a CASp and remedied. But because all such barriers are not currently known, this could (and has before) created frustration and ineffective mediation sessions.

Thus, plaintiff files this qualified objection, stating his concerns and proposals so that there is no confusion, misunderstanding or frustration at the mediation, if it goes forward.

Dated: March 17, 2020            CENTER FOR DISABILITY ACCESS

By: */s/ Bryan Miller*
Bryan Miller
Attorney for Plaintiff